

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1044
Re: Whether taxes wrongfully col-
lected by the Comptroller
under an opinion of the At-
torney General and placed in
the General Revenue Fund may
be refunded to the taxpayer.

We are in receipt of your letter of June 24, 1939, wherein you advise that in following an opinion of J. H. Broadhurst, Assistant Attorney General, dated January 5, 1937, addressed to yourself, you collected a number of thousands of dollars in the way of twenty per cent taxes provided or, as you were advised in said opinion, had been provided by Article 7047f, Revised Civil Statutes of Texas. You further call our attention to our opinion No. O-956, dated March 13, 1939, also addressed to you, which reflects the view of the present administration of the Attorney General's department and which is in conflict with Mr. Broadhurst's opinion. You then advise us that requests have been made of you to refund taxes thus collected by you upon faith of Mr. Broadhurst's opinion and which were not legally collected if our opinion, dated March 13, 1939, is correct. You request our opinion as to whether or not there is any statutory provision of any other way than by an act of the Legislature that money wrongfully collected under a prior opinion can be refunded to the taxpayer. From the text of your letter we understand that the money in question has been placed in the General Revenue Fund of the State Treasury.

It is regrettable but it seems that things of this kind must sometimes occur under our system of government. The

law makes the Attorney General the legal adviser of the heads of the various departments of the state government. Article 4399, Revised Civil Statutes. No one can ask of the head of a state department that he do more than follow the advice of the legal adviser thus provided for him by the state.

Article 8, Section 6, of the Constitution of Texas provides that "no money shall be drawn from the Treasury but in pursuance of specific appropriations made by law." In the case of Manion v. Lockhart, State Treasurer, 114 S.W. (2) 216, the treasurer had placed certain moneys in the General Revenue Fund of the state and the action was one of mandamus to compel the treasurer to pay the amount thereof to the relator. We quote from the opinion of the Supreme Court as follows:

"(2). I t is shown that respondent, acting on the opinion rendered by the Attorney General, deposited this money in the general revenue fund of the state. Respondent has in no manner profited by such action on his part. He in good faith deposited such money in the general revenue fund, which now requires that it be appropriated by the Legislature in accordance with the provisions of section 6 of article 8 of the Constitution. Respondent does not now have in his possession such funds, and, therefore, he is unable, without an act of the Legislature, to pay same to those entitled thereto. Having complied with the advice of the Attorney General, in making such transfer of funds, it would be both unjust and unfair to undertake by writ of mandamus to compel the treasurer to pay this amount of money out of his personal funds. It was contrary to law for the funds to be deposited in the general revenue fund, as was done, but they have passed beyond the control of the treasurer, and it is now impossible for the treasurer to pay to relator the amount of funds so deposited with him."

It is perhaps not out of place for us to point out



Honorable George H. Sheppard, Page 3

that the Legislature has provided a method by which a tax-payer can protect his interests when called upon to pay a tax which he believes is not due. We refer to Article 7057b, Revised Civil Statutes, permitting the payment of such taxes under protest and the consequent placing of the same in the suspense account from which recovery may be made by the taxpayer upon establishing that the tax was wrongfully exacted from him. The taxpayer not having availed himself of this statute and the money having been paid into the general revenue fund, our answer to your question is a negative one.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   Glenn R Lewis
     Glenn R. Lewis
     Assistant

GRL:FL

APPROVED JULY 6, 1939
W.F. MOORE
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED:
Opinion Committee
By RWF
Chairman